United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE DMCA SUBPOENA TO REDDIT, INC.

Case No. 26-mc-80128-TSH

**ORDER RE: MOTION TO COMPEL RESPONSE TO DMCA SUBPOENA PURSUANT TO 17 U.S.C. § 512(H)**

Re: Dkt. No. 1

## I.    INTRODUCTION

Alireza Shafiei seeks an order compelling Reddit, Inc. to respond to his subpoena seeking the identity of a Reddit user operating under the username "tiktoktruthseeker," who Shafiei alleges has unlawfully used his copyrighted video. ECF No. 1. Reddit filed an opposition (ECF No. 10) and Shafiei filed a reply (ECF No. 11). The undersigned finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **DENIES** the motion.[1]

## II.    BACKGROUND

### A.    Factual Background

Reddit is a community of online communities. Chopra Decl. ¶ 2, ECF No. 10-1. Within those communities—known as "subreddits"—users gather to discuss shared interests. *Id*. Users generally participate on the platform pseudonymously, and Reddit does not require that they use or provide Reddit with their legal names or addresses. *Id*.

Shafiei is a TikTok content creator with approximately one million followers and over 1.3

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 5, 9.

United States District Court
Northern District of California

million likes, operating under the username @PrettyBoyAli24.  Shafiei Decl. ¶¶ 2-3, ECF No. 1-2. He frequently livestreams—sometimes up to 16 hours per day—and derives income from TikTok's livestream gifting system that relies on audience engagement and his online reputation. *Id.* ¶¶ 5, 7-8.

In March 2025 a Reddit user with the username u/tiktoktruthseeker posted to the r/FavoritedRanksDrama subreddit a 27-second clip from one of Shafiei's TikTok livestreams, accompanied by a paragraph of critical commentary.  Mot. at 1, 3; Shafiei Decl. ¶ 4.  The clip depicts Shafiei speaking directly to the camera, using language such as "Your mom was a bitch" and "When you were in school you got fucked in the ass."  Mot. at 3; Jones Decl., Ex A, ECF No. 1-1.[2]  The post, titled "PBA: Weaponizing SA, Homophobia, and Moms for his Angry Rant," received 42 upvotes.[3]  *Id.*; Jones Decl., Ex. A.  The user expresses displeasure with Shafiei's reference to anal sex in school, interpreting it as an attack on the gay community and suggesting sexual abuse of children.  Jones Decl., Ex. A ("The fact that he went on his platform in the past to attack someone, then twisted it into a homophobic jab, is one of the most repulsive things I've ever heard. . . When you reference something done to someone in school, you're not talking about consenting adults!").  The user also expresses displeasure with Shafiei's insults directed at another person's mother.  *Id.* ("And once again, you called their mother a bitch. . .nothing is off limits for you when you spiral.").  The user admonishes Shafiei: "[Y]ou're not a king. You're a coward wearing a crown that is slowly falling off."  *Id*.

Shafiei contends the accompanying commentary is false and defamatory, falsely accuses him of bullying and "zero accountability" and a "victim mentality," and that the Reddit post undermines the value of his TikTok page, distorts public perception, and threatens his livelihood. Shafiei Decl. ¶¶ 14, 16-17.

---

[2] The Reddit post is located at https://www.reddit.com/r/FavoritedRanksDrama/comments/1lykoc9/pba_weaponizing_sa_homophobia_and_moms_for_his/

[3] The text of the post clarifies that PBA refers to "PrettyBoyAli", Shafiei's TikTok username. Shafiei Decl. ¶ 2-3

**B.     Procedural Background**

On August 22, 2025, counsel for Shafiei sent Reddit a takedown notice based on the Digital Millennium Copyright Act, 17 U.S.C. § 512(h) (DMCA), requesting removal of the post, identifying the copyrighted work and the allegedly infringing material, and providing the statements required by 17 U.S.C. § 512(c)(3)(A).  Jones Decl. ¶¶ 1-3.

On August 28, 2025, the Clerk of Court for the Northern District of Ohio issued a subpoena under 17 U.S.C. § 512(h) directed to Reddit seeking identifying information for the u/tiktoktruthseeker account.  *Id.* ¶ 5 & Ex. B (subpoena issued in Civil Action No. 1:25MC00040, N.D. Ohio).  The subpoena was subsequently served on Reddit.  *Id.* ¶ 7.

On September 8, 2025, Reddit objected to the subpoena and declined to remove the post, asserting both procedural objections relating to place of compliance and a substantive objection that the post constitutes fair use under 17 U.S.C. § 107.  *Id.* ¶¶ 7-9, Mot. at 4.

The parties agreed to adjudicate enforcement in this District, and on April 27, 2026, Shafiei filed the present motion to compel Reddit's compliance.  Jones Decl. ¶ 9.

### III.   LEGAL STANDARD

The DMCA permits copyright holders to subpoena service providers, like Reddit, for information identifying an alleged copyright infringer.  *See* 17 U.S.C. § 512(h).  Upon receipt of the issued subpoena, the service provider must "expeditiously disclose" the required information to the copyright owner, "notwithstanding any other provision of law."  17 U.S.C. § 512(h)(5).  However, the DMCA specifies that "the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum."  17 U.S.C. § 512(h)(6).  As many courts have recognized, this provision incorporates Rule 45 of the Federal Rules of Civil Procedure.  *See, e.g., Cognosphere Pte. Ltd. v. X Corp.*, 2024 WL 4227594, at *2 (N.D. Cal. Sept. 18, 2024); *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 877 (N.D. Cal. 2022); *Signature Mgmt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1153 (N.D. Cal. 2013).

Rule 45 provides that "the court for the district where compliance is required must quash

United States District Court
Northern District of California

United States District Court
Northern District of California

or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). In addition, a court may limit discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

## IV.    DISCUSSION

Shafiei argues he holds a valid copyright in the livestreamed audiovisual work and that Reddit's user reproduced a verbatim clip without authorization, infringing his exclusive rights of reproduction, distribution, and public display. Mot. at 5, 7. He contends the user's commentary is directed at him personally rather than the work, and that the copying harms the market for his content by diminishing page value, distorting public perception, and diverting potential revenue. *Id.* at 7-8, 10. He seeks an order directing Reddit to produce identifying information and to remove or disable access to the post and related posts. *Id.* at 12.

Reddit responds that the post is protected under the First Amendment because the 27-second clip was posted for the purposes of criticism and commentary, not for commercial exploitation. Opp'n at 2. It argues that anonymous online speech is protected and, under the two-step framework applied in this District for unmasking subpoenas, Shafiei has not made a prima facie showing overcoming fair use. *Id.* at 1-2, 15. Reddit also opposes Shafiei's request that the Court order removal of content as outside the proper scope of § 512(h) subpoena enforcement. *Id.* at 16.

### A.    Legal Standard

"A recipient of a DMCA subpoena may . . . move to quash on the basis that the subpoena would require disclosure of material protected by the First Amendment." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 877. Third party providers such as Reddit can assert

4

United States District Court
Northern District of California

the First Amendment rights of their users "based on the close relationship between the platform and its users and the 'genuine obstacles' users face in asserting their rights to anonymity." *In re Reddit, Inc.*, 2024 WL 477519, at *3 (N.D. Cal. Feb. 7, 2024) (quoting *In re Grand Jury Subpoena, No. 16-03-217*, 875 F.3d 1179, 1183 n.2 (9th Cir. 2017)), *appeal dismissed sub nom. In re Subpoena to Reddit, Inc.*, 2025 WL 1766386 (9th Cir. May 13, 2025); *In re DMCA § 512(h) Subpoena to Twitter*, 608 F. Supp. 3d at 878 ("The Ninth Circuit has accordingly recognized that internet platforms can assert the First Amendment rights of their users, based on the close relationship between the platform and its users and the 'genuine obstacles' users face in asserting their rights to anonymity.") (quoting *In re Grand Jury Subpoena*, 875 F.3d at 1183 n.2).

"[A]n author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995). This protection applies equally to material published online. *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011). When adjudicating objections to a request for discovery of information that would reveal the identity of an anonymous speaker, a court must consider the First Amendment implications of the requested disclosure. *Id.* at 1176-77; *In re DMCA § 512(h) Subpoena to Twitter*, 608 F. Supp. 3d at 876.

The First Amendment rights to anonymous speech are not absolute. *Signature Mgmt. Team*, 941 F. Supp. 2d at 1154. Relevant here, there is no First Amendment right to commit copyright infringement. *See Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985). "However, precedent from this Court and other courts have rejected the notion that there should be no First Amendment analysis in evaluating a motion to quash (or enforce) a DMCA subpoena." *Cognosphere*, 2024 WL 4227594, at *3 (collecting cases). The degree of First Amendment scrutiny in a DMCA subpoena matter depends in part on the type of conduct or speech at issue. The courts have identified "core" First Amendment expression to be political speech and religious speech. *McIntyre*, 514 U.S. at 347 ("When a law burdens core political speech, we apply 'exacting scrutiny,' and we uphold the restriction only if it is narrowly tailored to serve an overriding state interest."); *Signature Mgt. Team*, 941 F. Supp. 2d at 1158. Here, the

Reddit user's post is neither political nor religious speech. Still, the unauthorized sharing of someone else's copyrighted work on Reddit "qualifies as speech, but only to a degree." *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004); *see also Signature Mgt. Team*, 941 F. Supp. 2d at 1157 (although the "speech in question, posting a verbatim copy of a copyrighted work, was neither political nor religious, it at least raises significant constitutional issues."). Accordingly, the DMCA subpoena here is subject to analysis under the First Amendment, even if the speech is not "core" First Amendment expression.

The First Amendment inquiry consists of two steps: "First, the party seeking the disclosure must demonstrate a *prima facie* case on the merits of its underlying [(in this case, copyright)] claim[;]and [s]econd, the Court balances the need for the discovery against the First Amendment interest at stake." *See In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876 (N.D. Cal. 2022); *accord Perry v. Schwarzenegger*, 591 F.3d 1147, 1161–65 (9th Cir. 2010).[4]

**B.    Discussion**

To establish a prima facie case of copyright infringement, Shafiei must show: (1) ownership of the copyrighted material, and (2) violation by the accused infringer of at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001), *as amended* (Apr. 3, 2001), *aff'd sub nom. A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002), *and aff'd sub nom. A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002). Among the exclusive rights enjoyed by copyright holders are the rights to reproduce the copyrighted work and to prepare derivative works based on

[4] Shafiei suggests the Court should apply a four-part balancing test adopted from *Doe v. 2TheMart.com, Inc.*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001). *See* Mot. at 11 (articulating four factors and citing two cases that apply the *2TheMart* test: *Castro v. Doe*, 2023 WL 9232964, at *5 (N.D. Cal. Oct. 12, 2023) and *Rich v. Butowsky*, 2020 WL 5910069, at *3–4 (N.D. Cal. Oct. 6, 2020)). However, the relevant *2TheMart* test involved civil subpoenas seeking the identities of nonparty witnesses. *2TheMart.com*, 140 F. Supp. 2d at 1095. Here, the balancing applied in *In re DMCA Subpoena to Twitter* is appropriate. In *In re DMCA Subpoena to Twitter*, as here, the plaintiff sought to unmask an anonymous user under the DMCA before any case had been filed or any claims had been brought for copyright infringement. 608 F. Supp. 3d at 875; *see also Castro*, 2023 WL 9232964, at *1 (seeking to identify a *Doe* defendant for a defamation claim); *Rich*, 2020 WL 5910069, at *2 (seeking to identify an account that provided allegedly defamatory information to defendants); *compare In re Reddit, Inc.*, 671 F. Supp. 3d 1022, 1026 (N.D. Cal. 2023) (applying *2TheMart* test because "the Reddit users at issue here are uninvolved third parties.").

United States District Court
Northern District of California

the copyrighted work.  17 U.S.C. § 106(1), (2).

Shafiei states he "created the original audiovisual work at issue and first livestreamed it on my TikTok account" and he is "the author and owner of the copyright in that audiovisual work, which embodies my original selection, arrangement, and creative expression.  I did not license, assign, or authorize the Reddit user identified below to reproduce, distribute, or publicly display my work."  Shafiei Decl. ¶¶ 10-11.  As such, the Court finds he can establish a prima facie case. *See Cognosphere*, 2024 WL 4227594, at *6 (ownership of copyrighted material and violation of copyright may be established by declaration); *Signature Mgmt. Team*, 941 F. Supp. 2d at 1157 (hearsay attorney declarations can be used to establish a prima facie case of copyright infringement).  Reddit does not dispute Shafiei's showing on this point.  Instead, it argues Shafiei cannot establish a prima facie claim because its user was engaged in "fair use."

"[C]opyright law contains built-in First Amendment accommodations." *Eldred v. Ashcroft*, 537 U.S. 186, 219-20 (2003).  "The fair use exception excludes from copyright restrictions certain works, such as those that criticize and comment on another work." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 799 (9th Cir. 2003) (citing 17 U.S.C. § 107); *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 882 (N.D. Cal. 2020) ("The doctrine of fair use provides everything needed to balance the competing interests of the First Amendment and the copyright laws.") (citing *Los Angeles News Serv. v. Tullo*, 973 F.2d 791, 795 (9th Cir. 1992)).  As such, if the fair use doctrine applies, "[t]here is no need to go further afield, or to treat fair use as an element in a broader First Amendment inquiry." *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d at 882.

Congress codified four factors in the Copyright Act to guide the determination of fair use of copyrighted works.  In pertinent part:

> Notwithstanding the provisions of sections 106 and 106A, *the fair use of a copyrighted work*, including such work by reproduction in copies . . . *for purposes such as criticism, comment,* news reporting, teaching (including multiple copies for classroom use), scholarship, or research, *is not an infringement of copyright*.  In determining whether the use made of a work in any particular case is fair use the factors to be considered shall include –
>
> (1) the purpose and character of the use, including whether such use

7

is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107 (emphasis added). "The key principle here is Congress's determination that fair use is not a mere defense to copyright infringement, but rather is a use that is not infringing at all. As our circuit has concluded, the plain language of Section 107 means that '[f]air use is not just excused by the law, it is wholly authorized by the law.'" *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d at 883 (quoting *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151 (9th Cir. 2016)). "'[A]nyone who . . . makes a fair use of the work is not an infringer of the copyright with respect to such use.'" *Lenz*, 815 F.3d at 1152 (alterations in original) (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984)). Fair use "is a non-infringing use." *Id.* "Consequently, if the fair use inquiry demonstrates that [Reddit's user] is not an infringer of [Shafiei's] copyrighted works, the subpoena must be quashed." *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d at 883.

The only authorized purpose for the subpoena was for Shafiei to obtain the identity of Reddit's user to protect Shafiei's copyrights. *See* 15 U.S.C. § 512(h)(2)(C) (requiring "a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title"). "If [Reddit] establishes that [its user] made fair use of the copyrighted works, no claim of copyright infringement could plausibly be alleged against him, and the subpoena would not be authorized under the DMCA." *In re DMCA Subpoena to Reddit*, 441 F. Supp. 3d at 883.

"The fair use factors in Section 107 are not intended to be applied in an isolated and mechanical way. They should be explored and weighed together in light of copyright's purpose." *Id.* at 884 (citing *Campbell v. Acuff–Rose Music, Inc.*, 510 U.S. 569, 578 (1994)). "Every application of fair use is different, and the inquiry must be made on the specific facts before the

United States District Court
Northern District of California

Court on a case-by-case basis." *Id.* (citing *Campbell*, 510 U.S. at 577). The doctrine "permits [and requires] courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster." *Campbell*, 510 U.S. at 577 (internal quotation omitted) (alteration in original).

### 1.    The Purpose and Character of the Use

"With respect to the first factor, the key question is whether the new use was "transformative," that is, whether the use added some new purpose or meaning to the original." *In re DMCA Subpoena to Reddit*, 441 F. Supp. 3d at 884 (citing *Campbell*, 510 U.S. at 579). Shafiei argues the new use was not transformative because Reddit's user "copied and reposted a clip taken directly from [his] livestream, reproducing the audiovisual work verbatim." Mot. at 7; Shafiei Decl. ¶¶ 12-13. He maintains "[t]he clip was not edited, reframed, analyzed, or otherwise altered, nor was the Copyrighted Content itself the subject of any transformative commentary." Mot. at 7; Shafiei Decl. ¶ 13. Shafiei concedes the post includes a caption criticizing him, but he argues "that commentary is directed at Mr. Shafiei personally, not the copyrighted work itself." Mot. at 7-8.

Copying a work for the purpose of criticism or commentary is inherently transformative. *See In re DMCA Subpoena to Reddit*, 441 F. Supp. 3d at 884 ("Darkspilver used the ad and chart for criticism and commentary in a manner fundamentally at odds with Watch Tower's original purposes. . . . This was a transformative use."). In *In re DMCA Subpoena to Reddit*, an anonymous Reddit user sought to quash a DMCA subpoena seeking to unmask his identity. *Id.* at 877. The user posted images of a religious organization's documents to a subreddit dedicated to former adherents of the religion as part of a post criticizing the organization's fundraising and data collection practices. *Id.* at 878-79. The religious organization issued a Section 512(h) DMCA subpoena to Reddit seeking the user's identity, claiming copyright infringement. *Id.* at 879. Evaluating each of the fair use factors under 17 U.S.C. § 107, the court quashed the subpoena because the posts were non-infringing fair use. *Id.* at 887. With respect to the first fair use factor, the court recognized that there was "no material dispute" that the Reddit user had transformed the material by posting them for criticism and commentary. *Id.* at 886. Even though the material was

9

copied and "largely in their original and unaltered states," the court found that "physical changes are not required for a new use to be transformative. What matters is that [the Reddit user] used the [material] to express 'something new, with a further purpose or different character, altering the first with new expression, meaning, or message.' The 'something new' was criticism of Watch Tower's fundraising and data collection practices, a quintessential fair use right." *Id*. at 884-85.

Here, too, the Court finds the use was transformative. The Reddit user's post takes a 27-second clip from Shafiei's livestream and comments on his rhetoric. The post's title, "PBA: Weaponizing SA, Homophobia, and Moms for his Angry Rant," and the body of the post provide criticisms of Shafiei's language, including his references to an individual's mother, anal sex, and child sexual abuse. Jones Decl., Ex. A. Even though the Reddit user included an unaltered clip from Shafiei's livestream, what matters is that the poster used it to express criticism of Shafiei's rhetoric. As such, the Reddit user's posting of the clip is a transformative fair use rather than infringement. Although Shafiei argues the user's reproduction of the clip "verbatim," without alteration, is not transformative, "physical changes are not required for a new use to be transformative." *In re DMCA Subpoena to Reddit,* 441 F. Supp. 3d at 884. Criticism of Shafiei's conduct is "a quintessential fair use right expressly protected by Section 107," which "transform[s] the purpose and expressive content" of the material, regardless of whether its physical form is changed. *Id*. at 885. Shafiei also argues the user "could have expressed the same opinions without reproducing the copyrighted clip at all." Mot. at 8. However, "a use may be justified because copying is reasonably necessary to achieve the user's new purpose. . . [C]ommentary or criticism may have compelling reason to 'conjure up' the original by borrowing from it." *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 532 (2023). In cases such as this, where the post is best understood in the context of the video clip it directly criticizes, such use is justified.

In the alternative, Shafiei argues the user's commentary "is directed at Mr. Shafiei personally, not the copyrighted work itself," and therefore is not transformative. Mot. at 8. This contention is inaccurate, as the commentary references and discusses the language used by Shafiei in the clip. *Compare* Jones Decl., Ex. A (Text commentary from the Account User: "And once

United States District Court
Northern District of California

again, you called their mother a bitch) *with id*. (Video clip from 0:00 to 0:01, "Your mom was a bitch").  Shafiei also argues the post falsely accuses him of "bullying people, having zero accountability and victim mentality."  Mot. at 8.  But the post critiques Shafiei's use of language; and nowhere does it state he has zero accountability or a victim mentality.  *See* Jones Decl., Ex. A ("Family, kids, SA, and trauma; nothing is off-limits for you when you spiral.").  Regardless, critical commentary such as this is "a quintessential fair use right."  *In re DMCA Subpoena to Reddit,* 441 F. Supp. 3d at 885.  Further, even if the post includes personal attacks, disparagement, no matter how rude, may still be transformative.  For example, in *Weinberg v. Dirty World*, 2017 WL 5665023 (C.D. Cal. July 27, 2017), a user of an internet forum posted a copyrighted picture of the plaintiff and his wife and offered negative commentary on the plaintiff's wife's appearance.  *Id.* at *6 (user said "every time I saw her, I thought she is super ugly and awkward looking," mocked the plaintiff's wife's ears, and suggested she was a gold-digger).  Though the court noted the commentary was "plainly . . . rude" and "squarely critical" of the wife's physical appearance, it still found the post was transformative.  *Id*. at *8-9. (While the post was "a direct critique on Plaintiff's wife's appearance, her status as a model, her husband, and her relationship with her husband. . .  Such a use is precisely what the Copyright Act envisions as a paradigmatic fair use."); *see also Katz v. Chevaldina*, 2014 WL 2815496, at *6 (S.D. Fla. June 17, 2014), *report and recommendation adopted*, 2014 WL 4385690 (S.D. Fla. Sept. 5, 2014) (use of copyrighted image of plaintiff with the derogatory caption "HE RIPPED OFF SPECIAL NEEDS LITTLE JEWISH GIRL" was transformative), *aff'd sub nom. Katz v. Google Inc.*, 802 F.3d 1178 (11th Cir. 2015); *see also Hannley v. Mann*, 2023 WL 3407183, at *5 (C.D. Cal. Mar. 8, 2023) ("[T]he fair use inquiry does not ask whether the criticism or parody of the copyrighted work is just or accurate, or mean-spirited – other of Plaintiffs' claims, such as defamation, might implicate such questions – but simply whether the use is of the kind that copyright is designed to protect.").

Shafiei cites to *Henley v. DeVore,* 733 F. Supp. 2d 1144 (C.D. Cal. 2010) to support his position that "criticism of the author" is not transformative, arguing that "use is not transformative where the work is used as a vehicle to attack the author rather than comment on the work.").  Mot. at 7-8.  However, *Henley*'s discussion of criticism applies in the context of the comparison

11

between "parody" and "satire" in a fair use analysis. *Id*. at 1152-56 (quoting *Campbell*, 510 U.S. 569, to distinguish between parody's protection by fair use and satire's lack of protection). Here, the Reddit user's account is engaged in commentary and criticism, a use distinct from parody and satire that is protected by fair use. *See Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 84 (2d Cir. 2014) ("Courts often find such uses [of unaltered reproduction] transformative by emphasizing the altered purpose or context of the work, as evidenced by the surrounding commentary or criticism.").

Finally, Shafiei does not argue Reddit's user made the post for a commercial purpose, and Reddit agrees there is no indication the user is getting paid for the content they post, and the post has a few dozen upvotes. Opp'n at 10. Regardless, it would be difficult for Shafiei to establish that the user's sharing of a 27-second clip of his livestream was for any commercial purpose. *See In re DMCA Subpoena to Reddit*, 441 F. Supp. 3d at 885 ("Watch Tower makes a passing comment that the Reddit posts might have boosted Darkspilver's status in social media, . . . but that suggestion is entirely conclusory, and Watch Tower never explains how posting some criticisms of the Jehovah's Witnesses on a Reddit forum directed to former members could ever translate into a profit-making enterprise for Darkspilver.").

Accordingly, the Court finds the post was transformative and non-commercial, and this factor therefore weighs in favor of fair use.

### 2.    The Nature of the Copyrighted Work

The second fair use factor, the "nature of the copyrighted work," 17 U.S.C. § 107(2), "calls for recognition that some works are closer to the core of intended copyright protection than others, with the consequence that fair use is more difficult to establish when the former works are copied." *Campbell*, 510 U.S. at 586. The more creative the original work, the less likely that copying will be fair use. *Steward v. Abend*, 495 U.S. 207, 237 (1990). Likewise, unpublished works are entitled to greater copyright protection than published works. *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1177-78 (9th Cir. 2012).

As to the first point, Shafiei's video was previously published on TikTok and made publicly accessible. Shafiei Decl. ¶ 10 ("I . . . first livestreamed [the clip] on my TikTok

United States District Court
Northern District of California

12

account."). The act of publishing weighs in favor of fair use. *See Stebbins*, 2025 WL 2233208, at *6 ("[W]hen a work is posted to platforms such as YouTube, Instagram, and Twitter, the creator loses the ability to control either duplication or further distribution of his or her work. Indeed, the fundamental purpose of social-media platforms such as Twitter and Instagram is for viewers to share and re-share content posted by creators such as Plaintiff.") (quoting *Brunson v. Cook*, 2023 WL 2668498, at *11 (M.D. Tenn. Mar. 28, 2023)); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 564 (1985) ("The fact that a work is unpublished is a critical element of its nature. Our prior discussion establishes that the scope of fair use is narrower with respect to unpublished works.") (cleaned up); *In re DMCA Subpoena to Reddit*, 441 F. Supp. 3d at 885 ("In addition, the solicitation ad had been published before Darkspilver used it, which also weighs in favor of fair use under this factor.") (citing *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820 (9th Cir. 2003)) ("Published works are more likely to qualify as fair use because the first appearance of the artist's expression has already occurred.").

As to the second point, courts review whether a work is more creative or factual in nature, and the former warrants more copyright protection than the latter. *Campbell*, 510 U.S. at 586. Here, the livestreamed video is primarily factual in that it is an informational presentation of Shafiei's opinions. Such factual works are "light-years away from the creative works at the core of copyright protection." *In re DMCA Subpoena to Reddit*, 441 F. Supp. 3d at 885; *see also Stebbins v. Google LLC*, 2023 WL 6139454, at *7 (N.D. Cal. Aug. 31, 2023) ("While Plaintiff presented his opinions in the livestream, the work is undoubtedly more informational than creative. As such, the copyright protection is thin.") (alteration in original); *Stebbins v. Alphabet Inc.*, 2025 WL 2233208, at *5 (N.D. Cal. July 2, 2025) (finding second factor weighed in favor of fair use where "the Retrospective's purpose is informational in nature: the Retrospective uses clips and commentary to communicate Plaintiff's view of Fallout: New Vegas as well as descriptions of plot options and graphics."); *Stebbins v. Rebolo*, 2024 WL 4982985, at *4 (N.D. Cal. Dec. 4, 2024) ("Works that are informational in nature merit thin copyright protection.") (finding a YouTube video discussing corrections to previous works was informational, not expressive, and weighed in favor of a fair use analysis); *Stewart v. Abend*, 495 U.S. 207, 237 (1990) ("In general,

United States District Court
Northern District of California

fair use is more likely to be found in factual works than in fictional works.").

Accordingly, this factor weighs in favor of fair use.

### 3.    The Amount and Substantiality of the Portion Used

The third factor evaluates the quantitative amount and qualitative value of the original work used in relation to the justification for that use.  *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir. 2013).  An allegedly infringing work "that copies little of the original is likely to be a fair use." *Id*.

It is unclear what quantity of Shafiei's copyrighted work the 27-second clip encompasses. Shafiei Decl. ¶ 11.  However, Shafiei states he is a "daily presence on TikTok" and broadcasts livestreams on the platform for up to 16 hours per day.  Mot. at 3; Shafiei Decl. ¶ 5.  By referring to the video content as a "clip" and a "portion" of his copyrighted work, he appears to acknowledge that it is part of a larger whole.  Mot. at 9-10 (the Reddit user "copied a clip from the livestream, reproducing a discrete and meaningful portion of the original audiovisual work verbatim."); Shafiei Decl. ¶ 13 ("The Infringing Post reproduces a verbatim clip from my livestream.").  If so, the use of a 27-second clip from someone who livestreams up to 16 hours per day is quantitatively insignificant and weighs in favor of fair use.  *SOFA Ent., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1279 (9th Cir. 2013) (use of a seven second clip from the Ed Sullivan show "is quantitatively insignificant").  On this point, Shafiei argues the Court must consider whether the portion used was necessary to effectuate a protected purpose.  Mot. at 9 (citing *Monge,* 688 F.3d at 1179).  But *Monge* is inapposite because the post here provides only a clip of the livestream, rather than "100 percent of the copyrighted photos at issue." *Id.* at 1179.  In fact, *Monge* suggests that "one photo" would have sufficed for the defendant's reporting purposes, which is more analogous to the Reddit user's 27-second clip of a livestream here.  *Id.*[5]

Regardless, a court may find fair use if "there is no substitute for the allegedly protectable content to convey the same message." *Stebbins*, 2024 WL 4982985, at *4; *Kelly*, 336 F.3d at 820-

---

[5] *Monge* is also distinguishable because photographs are "not meaningfully divisible," unlike an audiovisual television show, which can be clipped.  *See Seltzer*, 725 F.3d at 1178 (distinguishing between a photograph and the fair use of a clip from the Ed Sullivan show in *SOFA Ent.*, 709 F.3d at 1279).

United States District Court
Northern District of California

21 (purpose of claimed fair use made it necessary to copy entire work, as copying less would reduce its usefulness); *Stebbins*, 2025 WL 2233208, at *6 ("The clips of the Retrospective and the commentators' live reactions thereto were essential to Creetosis's own creative works because the clips provided context. Without featuring the original clips, the Livestreams would have lost utility as critical commentary. The extensive copying was necessary to the critique."). The Reddit user's commentary within the post directly references statements made by Shafiei in the 27-second clip. *Compare* Jones Decl., Ex. A (Text commentary from the Account User: "And once again, you called their mother a bitch) *with id.* (Video clip from 0:00 to 0:01, "Your mom was a bitch"). Omitting this clip and instead referencing Shafiei's livestream or providing a link to Shafiei's account would be insufficient because it would not provide the full context for the user's commentary.

Qualitatively, the 27-second clip is insignificant as well. Though Shafiei asserts the clip "embodies my original selection, arrangement, and creative expression," he does not explain how those elements contribute to the original nature of the clip. Shafiei Decl. ¶ 11. To the extent Shafiei believes his personality portrayed in the clip is protected, that is not the case, as "charisma . . . is not copyrightable." *SOFA Ent.*, 709 F.3d at 1279 (concluding that Ed Sullivan's "trademark gesticulation and style" and charisma was not copyrightable); 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.01[B][1][c] at 1–30 (2012) ("A persona can hardly be said to constitute a 'writing' of an 'author.'").

The Court finds this factor weighs in favor of fair use.

### 4. The Effect on the Market Value of the Copyrighted Work

The fourth fair use factor asks whether the use "would result in a substantially adverse impact on the potential market for the original." *Campbell*, 510 U.S. at 590. "This factor has been called the most important fair use element because it protects the incentive to create." *In re DMCA Subpoena to Reddit*, 441 F. Supp. 3d at 885 (citing *Harper & Row*, 471 U.S. at 566; *Sony Corp.*, 464 U.S. at 450-51). Even so, a "use that has no demonstrable effect upon the potential market for, or the value of, a copyrighted work need not be prohibited" to protect that incentive. *Sony Corp.*, 464 U.S. at 450. Where the alleged infringement "does not substitute for the original

15

United States District Court
Northern District of California

and serves a 'different market function,' such factor weighs in favor of fair use." *Seltzer*, 725 F. 3d at 1179 (quoting *Campbell*, 510 U.S. at 591).

Shafiei argues the use of the clip "harms the market for the original work by diluting its value and exploiting it in a derogatory, malicious context without consent. As a digital content creator, visibility and user engagement are vital in attracting users to the original creation, essential for monetization and growth." Mot. at 10 (citing Shafiei Decl. ¶¶ 16-17). He argues that "[b]y copying and republishing Mr. Shafiei's work without permission, and embedding it with unrelated defamatory content, the Violating User not only misappropriates Mr. Shafiei's intellectual property but also undermines the very foundation of Mr. Shafiei's business model, diminishing the value of his page, distorting public perception, and diverting potential revenue streams." *Id.* But "a diversion or suppression of demand from criticism is not a cognizable copyright harm. There is a crucial difference between biting criticism that merely suppresses demand and copyright infringement, which usurps it." *In re DMCA Subpoena to Reddit*, 441 F. Supp. 3d at 886 (cleaned up; quoting *Campbell*, 510 U.S. at 592). Shafiei's arguments that the post's criticism may suppress demand by making TikTok users aware of his behavior is not a cognizable copyright harm.

It is also not clear that reproduction of a 27-second clip from a livestream has any value outside of the livestreamed context. The clip does not serve as a substitute for Shafiei's daily presence on the platform for up to 16 hours at a time. Mot. at 3. Indeed, Shafiei acknowledges he monetizes his audience via "TikTok's livestream gifting system," a practice that "relies heavily on audience engagement." Shafiei Decl. ¶¶ 6-8. Any such monetization is unlikely to be diminished by reproduction of a clip outside of the TikTok app. *See Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34, 47 (S.D.N.Y. 2017) (a reaction video criticizing the original does not substitute for the original and cannot usurp the copyright holder's market); *Stebbins*, 2025 WL 2233208, at *7 (criticism and debate in a livestream critiquing an original video "serve a different purpose and provide a significantly different viewing experience, and thus does not serve as a market substitute") (citing *Monge*, 688 F.3d at 1181) (noting that market harm is "less certain" when the copying work is transformative) (quoting *Campbell*, 510 U.S. at 591).

In sum, because the factors weigh in favor of fair use, the Court holds that the Reddit user's post is fair use and does not infringe Shafiei's copyright. As such, the subpoena must be quashed, and the Court need not balance the need for the discovery against the First Amendment interest at stake. *See In re DMCA Subpoena to Reddit*, 441 F. Supp. 3d at 883 ("[I]f the fair use inquiry demonstrates that Darkspilver is not an infringer of Watch Tower's copyrighted works, the subpoena must be quashed.").

## V.   CONCLUSION

For the reasons stated above, the Court finds the record establishes that Reddit's user made fair use of Shafiei's video clip. Consequently, the user did not infringe Shafiei's copyrighted work, and there is no basis in the DMCA for a subpoena to compel disclosure of the user's identity. The Court therefore **DENIES** Shafiei's motion to compel.

**IT IS SO ORDERED.**

Dated: June 26, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

17